**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Thomas Stewart, Jr., | ) | No. CV 12-719-PHX-RCB (LOA) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Charles L. Ryan, et al., | ) | |
| Defendants. | ) | |

Plaintiff Thomas Stewart, Jr., who is confined in the Arizona State Prison Complex-Yuma, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a May 15, 2012 Order, the Court denied the Application to Proceed with leave to re-file. On May 31, 2012, Plaintiff filed two new Applications to Proceed *In Forma Pauperis*. The Court will require Defendant Barcklay-Dodson to answer Count II of the Complaint and will dismiss the remaining claims and Defendants without prejudice.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's May 31, 2012 Application to Proceed *In Forma Pauperis* (Doc. 9) will be granted. 28 U.S.C. § 1915(a). The Court will deny as moot Plaintiff's duplicate Application (Doc. 10). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). The statutory fee will be collected monthly in payments of 20% of the previous month's income each time

the amount in the account exceeds $10.00.  28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards

TERMPSREF      - 2 -

than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

### III. Complaint

Plaintiff names the following Defendants in the Complaint: Arizona Department of Corrections Director Charles Ryan; Doctors Lockhart, Barcklay-Dodson, and Adu-tutu; Deputy Wardens Bradley, Curran, and Franko; Facility Health Administrator Dennis Chenail; and CRN Raitter.

Plaintiff raises three claims for relief. Plaintiff states that he suffers from "spinal stenosis, disc degeneration and bulging in L2/3, L3/4, L4/5, and L5/S1." Plaintiff claims that since 2008, he has been denied adequate medical treatment for his condition including being denied a cane and back brace. Plaintiff also claims that his medication was decreased and that his blood pressure medication was stopped.

In Count I, Plaintiff claims "Defendants violated the Eighth Amendment's proscription against cruel and unusual punishment by displaying deliberate indifference to Plaintiff's serious medical needs." Plaintiff also claims that Defendant Ryan violated his Eighth and Fourteenth Amendment rights because "there's no reason that [Defendant Ryan] does not know of [Plaintiff's] medical needs, instead of caring for prisoners under his care his main 'objective' is to save money, instead of saving li[v]es."

In Count II, Plaintiff claims that Defendants violated the Fourteenth Amendment when they were deliberately indifferent to his serious medical needs. Plaintiff also claims his Eighth and Fourteenth Amendment rights were violated when Defendant Barcklay-Dodson "refuse[d] to treat Plaintiff according to his medical conditions," by refusing to take Plaintiff's pre-2008 medical records into account. Plaintiff claims that Defendant Barcklay-Dodson took away "Plaintiff's cane, used for walking for five years or more, refused to give, or approve pain management shots, etc." Finally, Plaintiff claims that Defendant Barcklay-Dodson discontinued his blood pressure medication which caused Plaintiff to be sent to the hospital for treatment of high blood pressure and pain.

In Count III, Plaintiff claims that his Eighth and Fourteenth Amendment rights were

1  violated when Defendant Adu-tutu failed to intervene when Plaintiff filed grievances related
2  to his medical treatment.

3  Plaintiff seeks money damages.

4  **IV.  Failure to State a Claim**

5  Not every claim by a prisoner relating to inadequate medical treatment states a
6  violation of the Eighth or Fourteenth Amendment.  To state a § 1983 medical claim, a
7  plaintiff must show that the defendants acted with "deliberate indifference to serious medical
8  needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429
9  U.S. 97, 104 (1976)).  A plaintiff must show (1) a "serious medical need" by demonstrating
10 that failure to treat the condition could result in further significant injury or the unnecessary
11 and wanton infliction of pain and (2) the defendant's response was deliberately indifferent.
12 Jett, 439 F.3d at 1096 (quotations omitted).

13 "Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051,
14 1060 (9th Cir. 2004).  To act with deliberate indifference, a prison official must both know
15 of and disregard an excessive risk to inmate health; "the official must both be aware of facts
16 from which the inference could be drawn that a substantial risk of serious harm exists, and
17 he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Deliberate
18 indifference in the medical context may be shown by a purposeful act or failure to respond
19 to a prisoner's pain or possible medical need and harm caused by the indifference. Jett, 439
20 F.3d at 1096.  Deliberate indifference may also be shown when a prison official intentionally
21 denies, delays, or interferes with medical treatment or by the way prison doctors respond to
22 the prisoner's medical needs. Estelle, 429 U.S. at 104-05; Jett, 439 F.3d at 1096.

23 Deliberate indifference is a higher standard than negligence or lack of ordinary due
24 care for the prisoner's safety. Farmer, 511 U.S. at 835.  "Neither negligence nor gross
25 negligence will constitute deliberate indifference." Clement v. California Dep't of
26 Corrections, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); see also Broughton v. Cutter
27 Labs., 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or
28 "medical malpractice" do not support a claim under § 1983).  "A difference of opinion does

TERMPSREF
- 4 -

not amount to deliberate indifference to [a plaintiff's] serious medical needs." Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. See Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 105.

### A. Count I

Although *pro se* pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. Ivey v. Board of Regents of the University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. Id. With respect to Plaintiff's claims against all Defendants in Count I, Plaintiff's allegations are simply too vague to state a claim.

Plaintiff has also failed to allege facts demonstrating that Defendant Ryan acted with deliberate indifference to Plaintiff's serious medical needs. Plaintiff's statement that there is "no reason [Defendant Ryan] does not know of [his] medical needs" is not sufficient to show that Defendant Ryan was actually aware of Plaintiff's medical needs. Moreover, Plaintiff's facts do not show that Defendant Ryan established polices that resulted in a denial of medical care to Plaintiff. The Court will dismiss Count I for failure to state a claim.

### B. Count II

As with Count I, Plaintiff's claims in Count II against all Defendants are too vague to state a claim. The Court will dismiss this portion of Count II.

### C. Count III

The mere denial of a grievance does not give rise to the inference of active unconstitutional behavior. Where a defendant's only involvement in the allegedly unconstitutional conduct is the denial of administrative grievances, the failure to intervene on a prisoner's behalf to remedy alleged unconstitutional behavior does not amount to active unconstitutional behavior for purposes of § 1983. Shehee v. Luttrell, 199 F.3d 295, 300 (6th

1 Cir. 1999). Accordingly, Plaintiff has failed to state a claim against Defendant Adu-tutu in
2 Count III and the Court will dismiss this claim.

3 **V.     Claims for Which an Answer Will be Required**

4 Liberally construed, Plaintiff has stated an Eighth Amendment medical claim against
5 Defendant Barcklay-Dodson in Count II. The Court will require Defendant Barcklay-
6 Dodson to answer Count II of the Complaint.

7 **VI.    Motions**

8      **A.     Motion of Erratum**

9 On May 23, 2012, Plaintiff filed a "Motion of Erratum" in which he seeks to add
10 mailing certificates to various documents. The Court will grant Motion and consider the
11 attached documents with the Complaint.

12     **B.     Motion for Preliminary Injunction**

13 On April 4, 2012, Plaintiff filed a Motion for Preliminary Inunction. To obtain a
14 preliminary injunction, the moving party must show "that he is likely to succeed on the
15 merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that
16 the balance of equities tips in his favor, and that an injunction is in the public interest."
17 Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008). The moving
18 party has the burden of proof on each element of the test. Environmental Council of
19 Sacramento v. Slater, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

20 Plaintiff asks that the court "Order A.D.C. when such time that Plaintiff requires
21 medication refills/shots etc., anything to go into his body, should be administered from off
22 complex, medical care, anything that deals with that are essentially [] including Bounds v.
23 Smith, access to the courts." Plaintiff appears to seek an order requiring all medical
24 treatment be administered to him by an outside provider. Plaintiff has not alleged facts
25 demonstrating how receiving medical care at the facility in which he is confined will result
26 in irreparable injury, nor has Plaintiff made a sufficient showing that he is likely to succeed
27 on the merits of his underlying claim. The court will therefore deny the Motion for
28 Preliminary Injunction.

**VII. Warnings**

    **A.     Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.     Copies**

Plaintiff must serve Defendant, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.     Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)     Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 9) is **granted**.

(2)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is not assessed an initial partial filing fee.

(3)     Plaintiff's May 31, 2012 Application to Proceed *In Forma Pauperis* (Doc. 10) is **denied** as moot.

(4) Plaintiff's April 4, 2012 Motion for Preliminary Injunction (Doc. 4) is **denied**.

(5) Plaintiff's May 23, 2012 Motion of Erratum (Doc. 8) is **granted**.

(6) Counts I and III, and Defendants Ryan, Lockhart, Adu-tutu, Bradley, Chenail, Raitter, Franko, and Curran are **dismissed** without prejudice.

(7) Defendant Barcklay-Dodson must answer Count II.

(8) The Clerk of Court must send Plaintiff a service packet including the Complaint (Doc. 1), this Order, and both summons and request for waiver forms for Defendant Barcklay-Dodson.

(9) Plaintiff must complete[1] and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(10) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(11) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(12) The United States Marshal must notify Defendant of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendant must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

    (a) personally serve copies of the Summons, Complaint, and this Order upon

---

[1] If a Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works. Service cannot be effected on an officer or employee at the Central Office of the Arizona Department of Corrections unless the officer or employee works there.

Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b)   within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.  Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(13)   **If Defendant agrees to waive service of the Summons and Complaint, Defendant must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(14)   Defendant must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

(15)   This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 2nd day of July, 2012.

_____
Robert C. Broomfield
Senior United States District Judge