**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Stewart, Jr., | No. CV-12-719-PHX-RCB (LOA) |
| Plaintiff, | **ORDER** |
| vs. | |
| Dr. K. Barcklay-Dodson, | |
| Defendant. | |

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint, doc. 32, Plaintiff's Motion to Stay Proceeding[s] while Appeal [is] Running, doc. 33, and Plaintiff's Motion to Provide Document(s), doc. 34.

Plaintiff filed a *pro se* Prisoner Civil Rights Complaint pursuant to 42 U.S.C. § 1983 on April 4, 2012. (Doc. 1) Plaintiff alleged that Defendants violated his Eighth Amendment rights by being deliberately indifferent to his serious medical needs. After the Court conducted mandatory screening pursuant to 28 U.S.C. § 1915A(a), the only claim remaining is Count II and the only remaining Defendant is Dr. K. Barcklay-Dodson. (Doc. 12) Dr. Barcklay-Dodson executed a waiver of service on August 24, 2012. (Doc. 17)

**I. Motion for Leave to Amend**

Plaintiff has filed several motions in an attempt to amend his original complaint, including motions to alter or amend the judgment and a motion for reconsideration. (Docs. 16, 18) On November 16, 2012, the Court provided Plaintiff with twenty (20) days in which

to file a Motion to Amend Complaint in compliance with the Court's order. (Doc. 22) On December 21, 2012, Plaintiff filed a Motion for leave to file an (Amended) Supplemental Complaint to Add New Defendants. (Doc. 32) The Court previously warned Plaintiff that any amendment must be in compliance with Rule 15, Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the District Court's Rules of Practice, ("Local Rules" or LRCiv) 15.1. (Doc. 22) Plaintiff's amended pleading does not comply with the Court's order. Most specifically, in addition to being untimely, Plaintiff has failed to comply with LRCiv 15.1(b) by failing to attach "a copy of the amended pleading that indicates in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." Because Plaintiff's motion was untimely and failed to comply with the Court's prior order, the Court will deny Plaintiffs Motion to Amend.

Additionally, Defendant filed a responsive pleading to the original complaint on November 30, 2012. (Doc. 23) The Court issued a scheduling and discovery order on December 5, 2012. (Doc. 24) On December 17, 2012, Plaintiff filed a Reply to Defendant's Answer to Plaintiff's Complaint. A reply to an answer is not permitted under the Federal Rules of Civil Procedure, unless the Court orders that one be filed. *See* Fed.R.Civ.P. 7(a)(7). This Rule sets forth the only pleadings that are allowed absent a court order. Subsection (7) specifically states that a reply to an answer is only permitted if the court orders one. (*Id.*) Plaintiff does not allege, nor does the docket reflect, that the Court ordered a reply to Defendant's answer. Therefore, under Rule 7(a)(7), Fed.R.Civ.P., Plaintiff's filing is an impermissible pleading and the Court will strike Plaintiff's Reply to Defendant's Answer, doc. 29, from the record. Because Defendant has filed a responsive pleading, Plaintiff may not file an amended complaint without leave of the Court or written consent of the opposing party. Fed.R.Civ.P. 15(a)(2).

**II. Motion to Stay Proceeding**

On December 28, 2012, Plaintiff filed a Motion to Stay Proceeding[s] while Appeal [is] Running. (Doc. 33) Plaintiff filed a Notice of Interlocutory Appeal to the Ninth Circuit on December 6, 2012. (Doc. 26) Plaintiff appears to be appealing this Court's July 2, 2012

screening order in which certain claims and defendants were dismissed. (Doc. 12) The July 2, 2012 order was not a final order and the District Court did not enter judgment pursuant to Fed.R.Civ.P. 54(b). As discussed above, since that order, Plaintiff has tried to amend his complaint multiple times, including filing a Motion to Alter or Amend the Judgment, doc. 16, and a Motion for Reconsideration, doc. 18. The Court denied both motions, but provided Plaintiff with additional time in which to file a proper amended complaint in compliance with the Court's rules. Plaintiff did not heed the Court's admonitions or comply with the Federal Rules of Civil Procedure or the Local Rules. Because the July 2, 2012 order was not a final order, it is not properly appealable. Accordingly, the Court will deny Plaintiff's Motion to Stay Proceedings, doc. 33.

### III. Motion to Provide Documents

On January 9, 2013, Plaintiff filed a Motion to Provide Document(s). (Doc. 34) In this motion, Plaintiff asks for a certified copy of the docket entries prepared by the district court. Previously, on December 21, 2012, Plaintiff filed a Motion to Provide Docket Sheet, doc. 30, in which Plaintiff requested a copy of the docket sheet to send to the Ninth Circuit for his appeal. On that same day, the Clerk of Court mailed Plaintiff the Notice of Appeal, the trial court docket sheet, and the judgment or interlocutory order appealed. (Doc. 31) Plaintiff's current request mirrors his prior request and Plaintiff has not shown what he requested that was not delivered to him. Accordingly, Plaintiff's Motion to Provide Document(s), doc. 34, will be denied as moot.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to File a Supplemental Amended Complaint to Add New Defendants, doc. 32, is **DENIED**

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly directed to strike Plaintiff's Reply to Defendant's Answer to Plaintiff's Complaint, doc. 29, from the record as an improper pleading.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings, doc. 33, is **DENIED**.

1  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Provide Document(s), doc.
2  34, is **DENIED** as moot.
3  Dated this 18th day of January, 2012.

Lawrence O. Anderson
United States Magistrate Judge